**Debra GLAZE, Plaintiff,**

v.

**Joanne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. 01–CV–6197L.**

United States District Court, W.D. New York.

Jan. 3, 2003.

Debra Glaze, Rochester, NY, pro se.

Brian M. McCarthy, AUSA, Rochester, NY, for defendant.

## DECISION AND ORDER

LARIMER, District Judge.

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) and 1383(c)(3) to review

the final determination of the Commissioner of Social Security ("the Commissioner") that Debra Glaze ("plaintiff") is not disabled under the Social Security Act, and therefore, is not entitled to Social Security disability insurance ("SSDI") benefits or disability insurance benefits ("DIB"). As discussed below, the Commissioner's decision is affirmed, and this action is dismissed.

## FACTUAL BACKGROUND

Debra Glaze was born on November 9, 1953. (Tr. 57.)[1] She completed a high school education. (Tr. 58.) Her previous work experience includes work as a mail room attendant, a nursery school teacher's aide, and an office assistant. (Tr. 59–62.) This work experience required her to be on her feet no more than four to five hours per day and lift nothing heavier than five pounds. (*Id.*) She applied for SSDI and DIB benefits on October 18, 1994, alleging that her uncontrolled diabetes mellitus, leg pain and left knee bursitis became disabling on September 9, 1987. (Tr. 123–132.)

Her application was denied initially and on reconsideration. (Tr. 106, 103–104.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and after a hearing the ALJ vacated the decision denying benefits and remanded the matter for consideration of plaintiff's claim of a mental impairment, which arose for the first time at the hearing. (Tr. 42.) Plaintiff's application was again denied, and a second hearing before an ALJ was held on April 9, 1998. (Tr. 54–75.) After that hearing, the ALJ determined that plaintiff was not entitled to benefits and denied her claim. (Tr. 11–17.) The ALJ's decision became the Commissioner's final decision on February 23, 2001 when the Appeals Council denied plaintiff's request

for review. (Tr. 5–6.) Plaintiff timely commenced this action seeking review of the Commissioner's final decision.

## DISCUSSION

■ The Commissioner's decision that plaintiff was ineligible to receive benefits must be affirmed if it is supported by substantial evidence. 42 U.S.C. § 405(g); *see also Rivera v. Sullivan,* 923 F.2d 964, 967 (2d Cir.1991). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842(1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Thus, "[i]t is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." *See Melville v. Apfel,* 198 F.3d 45, 52 (2d Cir.1999). Therefore, the Court must determine whether the ALJ adhered to the appropriate legal standards, and whether his determination that plaintiff was not disabled prior to the expiration of her insured status is supported by substantial evidence.

*Five–Step Process*

In determining whether plaintiff was entitled to receive disability benefits, the ALJ in this case proceeded through the required five-step inquiry. *See Tejada v. Apfel,* 167 F.3d 770, 774 (2nd Cir.1999)(discussing the five-step process delineated in the relevant regulations); 20 C.F.R. § 416.920. At the first step of this inquiry, the ALJ found that plaintiff had not engaged in substantial gainful activity since September 9, 1994. (Tr. 16.) Next, the ALJ found that plaintiff suffered from

---

**1.** "Tr.__" refers to the page of the transcript of the Administrative Record filed by the Commissioner with her Answer.

diabetes mellitus, a severe impairment. (*Id.*) The ALJ determined, however, that this impairment did not meet or equal the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1. (*Id.*) The ALJ proceeded to the fourth step and determined that plaintiff had the residual functional capacity ("RFC") to perform work related activities except for work involving lifting and carrying over 25 pounds frequently or lifting more than 50 pounds occasionally and remembering detailed instructions on a consistent basis. (*Id.*) He found that her impairments did not prevent her from engaging in her past relevant work. (*Id.*) As such, the ALJ found plaintiff was not disabled. I find that the ALJ applied the appropriate legal standards in determining the plaintiff's disability status.

*Substantial Evidence Determination*

■ The only question remaining before the Court is whether the ALJ's decision is supported by substantial evidence. In my view, the ALJ's determination that plaintiff's RFC was sufficient to engage in her past relevant work is supported by substantial evidence from several medical sources.

First of all, evaluations from plaintiff's treating physicians, Drs. John Gerich and Elizabeth Romero (Tr. 62), support the ALJ's findings. Based upon a physical exam of plaintiff conducted on March 25, 1998, Dr. Gerich determined that plaintiff had no limitations on her ability to lift and carry, stand, walk, and sit. (Tr. 308–309.) He also opined that she had little trouble with postural activities (climbing, stooping, crouching, etc.) and had no environmental restrictions. (*Id.*) Dr. Gerich stated that no work-related activities were affected by any of plaintiff's impairments. (*Id.*) Similarly, Dr. Romero noted that plaintiff was not in distress and had no acute findings during a 1995 examination. (Tr. 196.) Dr. Romero did note, however, that plaintiff did not take her insulin on a daily basis.

(*Id.*) Notably, Dr. Romero's treatment notes indicate that plaintiff had an interest in returning to work, and that the doctor felt that once her diabetes was under control, plaintiff could return to the workforce. The uncontradicted findings of Drs. Gerich and Romero are crucial, since a treating source's uncontradicted opinion on the nature and severity of impairments is given controlling weight if well-supported by the record. *See* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2).

The ALJ's determination concerning plaintiff's RFC is further supported by two consultative assessments by state agency medical examiners. Dr. Judith Bodnar determined that plaintiff could occasionally lift 50 pounds and frequently lift 25 pounds, could stand, sit or walk for six out of eight hours a day, and was unlimited in her abilities to push and pull. (Tr. 86–93.) A second consultative examiner, Dr. A. Mercale, found that plaintiff had no exertional limitations. (Tr. 95–102.)

A psychiatric review conducted on June 3, 1997, indicated that plaintiff had some disturbance of mood accompanied by some degree of manic or depressive syndrome. (Tr. 204–212.) However, the consultant reviewer noted that plaintiff was not significantly limited by this condition. (Tr. 213–216.) Dr. Tara Russow noted on May 20, 1997 that plaintiff was well-dressed and that her personal hygiene was good. (Tr. 277.) Plaintiff was adjudged not to require supervision in managing her own funds. (*Id.*) Dr. Russow listed no restrictions on plaintiff's activities as the result of her condition. Upon discharge from the Park Ridge Mental Health Center, plaintiff's overall levels of anxiety and depression had been reduced, her self-esteem and coping abilities were improved, and she was adjudged better equipped to handle stress. (Tr. 293.)

By her own admission, plaintiff is capable of many tasks associated with daily life, including taking care of her daughter and performing household chores. (Tr. 65–70.) In addition, she regularly attends church and bible study, sews and on occasion dines out and participates in outdoor recreational activities. (*Id.*) Finally, she had travelled to North Carolina and to Las Vegas. (Tr. 70, 166.)

Plaintiff's subjective complaints as to her symptoms are not supported by objective medical evidence of record. Plaintiff's left knee bursitis does not appear to be the result of any serious physical abnormality. (Tr. 152.) Also, when plaintiff properly took her insulin, her diabetes were well-controlled. (Tr. 96.) Finally, as stated above, her mental difficulties were improved after treatment. While it is clear that plaintiff does have medical impairments that cause her difficulties, I believe that there is substantial evidence to support the Commissioner's decision that none of plaintiff's impairments limit her residual functional capacity to perform her past relevant work.

## CONCLUSION

I find that the ALJ's findings denying benefits are supported by substantial evidence. The Commissioner's motion for judgment on the pleadings (Dkt.# 10) is granted, and the complaint is dismissed.

IT IS SO ORDERED.